IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY BROOKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:10cv941-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 13) addressing the timeliness of the 28 U.S.C. § 2255 motion filed by the petitioner, Larry Brooks ("Brooks"). In its response, the government argues that Brooks's § 2255 motion was filed after expiration of the one-year limitation period applicable to § 2255 motions and is therefore time-barred from review.

In 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to provide a one-year limitation period for the filing of § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Section 2255 specifically provides for a one-year limitation period as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The pleadings and court records reflect that Brooks was convicted under a guilty plea entered on August 11, 1998, and that he was sentenced on December 18, 1998, 2008. The district court's Judgment Order was entered on December 21, 1998. Brooks filed a direct appeal, and on January 12, 2000, the Eleventh Circuit affirmed his conviction. Brooks did not petition the Supreme Court for a writ of certiorari. Therefore, Brooks's conviction became "final," for the purpose of 28 U.S.C. § 2255(f)(1), on April 11, 2000 – 90 days after the Eleventh Circuit's decision affirming his conviction. *See Kaufman v. United States*, 282 F.3d. 1336, 1337-39 (11th Cir. 2002). Brooks did not file his § 2255 motion until October 25, 2010 – more than ten years after his conviction became final.

It does not appear that any of the statutory exceptions specified in § 2255(f)(2)-(4) apply in this case. Specifically, Brooks's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, there is no suggestion that the government prevented Brooks from filing an earlier motion. Nor does Brooks appear to have submitted grounds for relief

2

that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of his conviction.[1]

Because, under the circumstances of this case as outlined herein, it appears that the one-year period of limitation contained in 28 U.S.C. § 2255 expired before Brooks filed his § 2255 motion, it is

**ORDERED that on or before April 22, 2011,** Brooks shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Any documents or evidence filed after April 22, 2011, will not be considered by the court except upon a showing of exceptional circumstances. At any time after April 22, 2011, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*. Brooks is instructed that when responding to the assertions contained in the government's answer, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Brooks is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Brooks attacks

---

[1] Brooks has not asserted a basis for equitable tolling of the limitation period in his case.

the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials.  *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Done this 1st day of April, 2011.

       /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE