IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LARRY BROOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv941-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by federal inmate Larry Brooks ("Brooks") on or around September 27, 2010.

## I.  BACKGROUND

### *A.  Guilty Plea and Direct Appeal*

On August 11, 1998, in accordance with a plea agreement, Brooks pled guilty to distribution of cocaine base (commonly referred to as crack cocaine) in violation of 21 U.S.C. § 841(a)(1) (Count 4 of a four-count indictment).  Under the plea agreement, Counts 1 through 3 of the indictment, which charged Brooks with other drug sales, were dismissed.  The Government also agreed to recommend at sentencing that Brooks receive a three-level reduction in his offense level pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility.

At sentencing, on December 18, 1998, the district court determined Brooks's base

offense level to be 32, based on the amount of drugs attributable to him as relevant conduct.[1] The court then accepted the Government's recommendation (as provided in the plea agreement) for three levels of reduction pursuant to U.S.S.G. § 3E1.1. Combining Brooks's adjusted offense level of 29 with his criminal history category of VI yielded a guideline range of 151 to 188 months. The court imposed a guideline mid-range sentence of 170 months in prison to be followed by 5 years' supervised release. The sentence was ordered to run concurrently with a state prison sentence Brooks was then serving.

Brooks appealed to the Eleventh Circuit, arguing that the district court committed reversible error at sentencing by denying his objection to a one-point criminal history increase based on certain prior state convictions. On January 12, 2000, the Eleventh Circuit affirmed Brooks's conviction and sentence, finding that his criminal history points had been calculated correctly and that, in any event, any alleged error in calculation was harmless. *United States v. Brooks*, 207 F.3d 661 (Jan. 12, 2000) (Table, No. 98-7039); *see* Doc. No. 13-6 (Gov. Ex. P). Brooks did not petition the United States Supreme Court for a writ of certiorari.

### B.    *Motion for Sentence Reduction Pursuant to § 3582(c)(2)*

In November 2007, the United States Sentencing Commission issued Amendment

---

[1] The court accepted the findings in the Presentence Investigation Report ("PSI") that 52.4 grams of crack cocaine and 4.9 grams of powder cocaine were attributable to Brooks. *See* PSI at 6, ¶ 11. These amounts were converted into their "marijuana equivalencies" and then added together to derive Brooks's base offense level. *See* U.S.S.G. § 2D1.1, comment. (n.10), Drug Equivalency Tables; PSI at 6, ¶¶ 11-12.

706, which lowered the base offense levels applicable to crack-cocaine offenses as set forth in the drug quantity table in U.S.S.G. § 2D1.1(c). *See* U.S. Sentencing Guidelines Manual app. C, amend. 706 (2007). Amendment 706 became retroactive through Amendment 713 on March 3, 2008. *See* U.S. Sentencing Guidelines app. C, amend. 713 (Supp. Mar. 3, 2008).

In response to Amendments 706 and 713, and to efficiently and fairly manage sentence reductions for defendants, the judges of United States District Court for the Middle District of Alabama approved appointment of a Retroactivity Screening Panel ("Screening Panel"), which consisted of representatives of the court, the Office of the United States Attorney, the United States Probation Office, the Federal Defenders, and the Clerk's office. The Screening Panel developed a master list of all defendants sentenced in this district who, pursuant to 18 U.S.C. § 3582(c)(2), could potentially benefit from retroactive application of the amended sentencing guidelines and prioritized that list chronologically in order to promptly address those defendants whose sentences were near completion. Section 3582(c)(2) permits a district court to reduce the term of imprisonment for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered [by Amendment 706]," when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) (quoting § 3582(c)(2)). Under § 3582(c)(2), the sentence reduction may be "upon motion of the defendant or the Director of the Bureau of Prisons,

3

or on [the court's] own motion." 18 U.S.C. § 3582(c)(2).  Moreover, a district court retains jurisdiction to deny *sua sponte* a defendant's sentence reduction pursuant to § 3582(c)(2) and Amendment 706.  *United States v. Butler*, 324 F. App'x 780, 782 (11th Cir. 2009).

Pursuant to its appointment, the Screening Panel reviewed potentially eligible defendants for sentence reductions either upon *pro se* § 3582(c)(2) motions filed by the defendants or (as was the case with Brooks) upon the court's own motion pursuant to § 3582(c)(2).  The Screening Panel then forwarded a recommendation to the presiding judge of each case.  Notwithstanding the recommendation of the Screening Panel, however, the presiding judge of each case retained full discretion to (1) grant or deny in whole or in part each request/motion for sentence reduction in the cases assigned to that judge, and (2) determine the necessity of appointment of counsel and the need for a hearing in each case.

In Brooks's case, the Screening Panel found that under Amendment 706 Brooks was eligible for a two-level reduction in his base offense level.  It then recommended a sentence of 146 months, based upon an amended guidelines range of 130 to 162 months.  However, on June 21, 2010, acting upon – and denying – its own motion pursuant to § 3582(c)(2), the district court entered an order rejecting the recommendation of the Screening Panel and exercising its discretion not to reduce Brooks's sentence, based upon Brooks's criminal history and consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* Case No. 1:98cr80-WKW, Doc. No. 49.  Brooks was promptly served with the district court's order denying a sentence reduction.

4

On September 22, 2010, the Clerk of the Court received from Brooks a *pro se* pleading titled "This is a notice of apeal [sic]." *See* Case No. 1:98cr80-WKW, Doc. No. 50. In that pleading, Brooks indicated that he had reviewed the district court's order denying him a sentence reduction pursuant to § 3582(c)(2) and requested the court to reconsider its order because he had a changed attitude and "[a] lot to offer the community and to schools of all grades."[2] *Id*. at 1. Because Brooks was proceeding *pro se*, the court construed Brooks's pleading in his favor as a motion for reconsideration of the court's June 21, 2010, order. On November 4, 2010, the district court denied Brooks's motion for reconsideration, holding that the court did not have jurisdiction to amend its prior order after the proper period for a motion for reconsideration had expired. *Id*., Doc. No. 51 at 8-9.

**C.     28 U.S.C. § 2255 Motion**

On or around September 27, 2010, Brooks – who was housed at FCC Coleman near Orlando, Florida, at the time – filed a document titled "All Writs Act, Writ of Mandamus" in the United States District Court for the Middle District of Florida ("USDCMDF"). Doc. No. 1. In that document, Brooks indicated that he had not understood that, upon his release from his Alabama prison sentence in 2009, he would be placed in federal prison (pursuant to an outstanding federal detainer) to serve the remainder of the federal sentence imposed

---

[2] It appears that sometime prior to August 18, 2010, Brooks also sent a letter to the Probation Office for the United States District Court for the Middle District of Alabama requesting a sentence reduction to a term of "time served" under the "crack law bill." Doc. No. 4 at 14. In response, the Probation Office reminded Brooks that the district court had denied him a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on June 21, 2010. *Id*.

by this court in December 1998. *Id*. at 1. Brooks further stated that the attorney who had represented him in his federal criminal proceedings had told him that he would come to see him to discuss this matter but had failed to do so. *Id*. Because the relief sought by Brooks was not apparent, the USDCMDF entered an order, on October 15, 2010, requiring Brooks to amend his pleading to clearly state the relief he was seeking, "such as habeas relief pursuant to 28 U.S.C. § 2241 or § 2255 or mandamus relief pursuant to 28 U.S.C. § 1361," and to state why the USDCMDF had jurisdiction over his claims. Doc. No. 2 at 1.

On or around October 25, 2010, evidently in response to the court's order of October 15, 2010, Brooks filed *both* a § 2255 motion and a § 2241 habeas petition in the USDCMDF, Doc. Nos. 3 & 4. After examining the motion and petition, the USDCMDF found that Brooks was challenging the sentence imposed by this court in 1998 and that he was not challenging a condition of his confinement. Consequently, the USDCMDF transferred Brooks's case to this court. Doc. No. 5 at 1 & 2.

As the grounds asserted by Brooks in his § 2255 motion and his putative § 2241 petition overlap (and because this court is not the proper venue for Brooks to seek relief under 28 U.S.C. § 2241), this court has considered the claims presented in the "§ 2241 petition" as part of Brooks's § 2255 motion and deems this case to be before the court on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The allegations set forth by Brooks are vague, conclusory, and repetitious. Nevertheless, as best as the court can determine, Brooks presents the following claims in his § 2255 motion:

6

1. The district court erred in denying him a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the sentencing guidelines applicable to crack-cocaine offenses.

2. He received ineffective assistance of counsel from his former counsel, who told him upon his completion of a state prison sentence in April 2009 that someone from his law firm would come to see him to discuss his federal sentence, but then failed to send anyone to discuss the matter with him.

3. He was improperly denied credit against his federal sentence for serving "good time" in state prison.

Doc. Nos. 2 & 3.[3]

The Government argues that Brooks's motion is untimely and that, in any event, he had failed to present any claims entitling him to relief under 28 U.S.C. § 2255. Doc. No. 13. For the reasons that follow, this court concludes that Brooks is not entitled to any relief and that his § 2255 motion should be denied.

## II. DISCUSSION

### A. *Denial of Sentence Reduction Pursuant to § 3582(c)(2)*

Brooks contends that the district court erred in denying him a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the sentencing guidelines. *See* Doc. No. 3 at 8-11; Doc. No. 4 at 3 & 5. He argues that the court unfairly denied him a sentence reduction based on his criminal history. *Id*.

For several reasons, Brooks is not entitled to any relief on this claim. First, claims

---

[3] For organizational and analytical purposes, this court has recast Brooks's claims, which are not presented in a clear and logical fashion, in a more appropriate presentation.

presenting sentencing issues arising from a post-sentencing change in the sentencing guidelines are not constitutional in nature. *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998); *see also Gilbert v. United States*, 640 F.3d 1293, 1321 (11th Cir. 2011) (en banc). Therefore, they are not cognizable in a § 2255 proceeding absent a showing of a complete miscarriage of justice, which Brooks fails to make here. *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004). An asserted error in the application of the sentencing guidelines does not constitute a "fundamental miscarriage of justice" or satisfy the "actual innocence" exception to the ordinary rules of procedural default. *McKay v. United States*, 657 F.3d 1190, 1200 (11th Cir. 2011), *Bido v. United States*, 438 Fed. App'x 746, 748 (11th Cir. 2011); *Orso v. United States*, 452 Fed. App'x 912, 914-15 (11th Cir 2012). Brooks did not pursue his claim in an appeal to the Eleventh Circuit from the district court's order denying a sentence reduction pursuant to § 3582(c)(2).[4] A § 2255 motion is not a substitute for an appeal, and issues that could have been raised on appeal are generally not actionable in a § 2255 motion. *Lynn*, 365 F.3d at 1234–35. It is, moreover, questionable whether *any* ruling on a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is subject to collateral attack via a § 2255 motion. *See, e.g., United States v. Valentine*, No. 8:92CR11 2010 WL 92322 at *1 (D.Neb. Jan. 6, 2010) (denying § 2255 motion seeking to

---

[4] The undersigned notes that if Brooks's pleading filed in this court on September 22, 2010, had been treated as a notice of appeal from the district court's June 21, 2010, order denying him a sentence reduction pursuant to § 3582(c)(2), his appeal would have been untimely. *See* Fed.R.App.P. 4(b)(1) (in a criminal case, defendant has 14 days to file notice of appeal from district court's judgment or order).

challenge sentence modified under § 3582(c), for among other reasons, because ruling on § 3582 motion is not subject to collateral attack via § 2255 motion); *Ahdnahd v. United States*, No. 4:08-CV-858, 2008 WL 256370 at *1 (E.D. Mo. Jun. 25, 2008) (same).

Brooks's claim is also barred by the limitation period applicable to § 2255 motions. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for § 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, § 2255(f) provides that the one-year limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). Brooks's conviction became final for purposes of 28 U.S.C. § 2255(f)(1) on April 11, 2000 – 90 days after the Eleventh Circuit's January 12, 2000, decision affirming his conviction and sentence. *See Kaufman v. United States*, 282 F.3d. 1336, 1337-39 (11th Cir. 2002).[5] His

---

[5] As indicated above, Brooks did not petition the Supreme Court for a writ of certiorari.

fairly recent § 3582(c)(2) proceedings did not alter the finality of this criminal judgment. It is well settled that a § 3582(c)(2) sentence modification, whether granted or denied, does not restart the § 2255(f)(1) limitation period. *See United States v. Preyear*, Nos. 10–0280–KD; 05–267–KD–N, 2010 WL 4026087 at *1-2 (S.D. Ala. Sep. 22, 2010). Title 18 § 3582(b) makes it absolutely clear that, notwithstanding the fact that a sentence may be subject to modification under § 3582(c)(2), "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."[6] *United States v. Dixon*, Nos. 99–525–03; 09–1606, 2009 WL 1559947 at *3 (E.D. Pa. Jun. 3, 2009). *See Gomez v. United States*, Nos. 3:09–CV–0073–G; 3:04–CR–253(03)–G ECF, 2009 WL 1309338 at *2 (N.D. Tex. May 11, 2009) (order reducing sentence pursuant to § 3582(c)(2) "did not alter the date on which [the] judgment of conviction became final under § 2255(f)(1)"); *cf. Peagler v. United States*, No. 2:07cv703–MHT, 2009 WL 1383325 at *2 (M.D. Ala. May

---

[6] That provision provides:

Notwithstanding the fact that a sentence to imprisonment can subsequently be–

    (1) modified pursuant to the provisions of subsection (c);

    (2) corrected pursuant to the provisions of Rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

    (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C. § 3582(b).

15, 2009) (applying same reasoning after grant of a Fed.R.Crim.P. 35 motion).

Brooks's conviction became final on April 11, 2000. He filed his § 2255 motion more than ten years later, on or around September 27, 2010. The district court's June 21, 2010, order denying Brooks a sentence reduction pursuant to § 3582(c)(2) did not alter the date on which Brooks's judgment of conviction became final. Consequently, Brooks's § 2255 claim challenging the district court's denial of a sentence reduction is barred by the applicable one-year limitation period set forth in 28 U.S.C. § 2255(f)(1).[7]

On the possibility that Brooks's bare assertion that he is entitled to relief "under the crack law" (Doc. No. 3 at 11) is his attempt to claim that he should be resentenced according to the statutory amendments of the Fair Sentencing Act of 2010 ("FSA"),[8] the court finds that any such claim lacks merit. The FSA's amendments do not apply retroactively to defendants who were sentenced before the Act's August 3, 2010, enactment. *See United*

---

[7] No other starting date described in § 2255(f) appears to be applicable to this or any other claim presented by Brooks in his § 2255 motion. *See* 28 U.S.C. § 2255(f)(2)-(4). There is no indication of any impediment created by unlawful governmental action, § 2255(f)(2); Brooks is not attempting to capitalize on a right newly recognized by *the Supreme Court* and made retroactive to cases on collateral review, § 2255(f)(3); and there is nothing to suggest that Brooks was previously unable to discover the facts supporting his claim through the exercise of due diligence, § 2255(f)(4). (A change in the law does not constitute new facts, *see, e.g., United States v. Moore*, Nos.2:05–cr–188; 2:12–cv–281, 2012 WL 3061980 at *1-2 (N.D. Ind. Jul. 26, 2012).)

Nor does Brooks raise a tolling argument establishing that extraordinary circumstances and due diligence warrant equitable tolling of the limitation period. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010). "The burden of establishing entitlement to [equitable tolling] plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

[8] The Fair Sentencing Act, Pub.L. No. 111-220, Stat. 2372 (2010), enacted August 3, 2010, amended the sentencing provisions in 21 U.S.C. § 841(b)(1) by increasing the amounts of crack cocaine necessary to trigger the mandatory statutory minimum sentences for offenses under 21 U.S.C. § 841(a)(1).

*States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010); *United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011) (collecting cases). *See also Ford v. United States*, Nos. 8:11–cv–2761–T–24 EAJ; 8:09–cr–88–T–24 EAJ, 2012 WL 2798532 at *13 (M.D. Fla. Jul. 9, 2012). Brooks was sentenced more than ten years before the FSA was enacted. Therefore, he is not entitled to be resentenced according to the FSA.

### B.     *Ineffective Assistance of Former Counsel*

Brooks suggests that he received ineffective assistance of counsel from the attorney who represented him in his criminal proceedings. Doc. No. 3 at 8; Doc. No. 4 at 7-8. Brooks maintains that sometime after he completed his state sentence in April 2009, the attorney told him that someone from his law firm would come to see him to discuss his federal sentence, but then failed to send anyone to discuss the matter with him. *Id*. Presumably, the matter that Brooks wished to discuss was why he still had to serve the remaining portion of his federal sentence, which was ordered to run concurrently with his state sentence, after his state sentence was completed.

The Government correctly argues that issues concerning Brooks's more recent legal representation are irrelevant to his conviction and sentencing, which took place in 1998, and Brooks has not demonstrated his entitlement to have legal counsel provided for him more than ten years after he was sentenced and more than nine years after his conviction and sentence were affirmed on direct appeal. *See* Doc. No. 13 at 11-12. An attorney who was no longer Brooks's counsel (as was the case here) could not be guilty of ineffective

assistance of counsel for failing to meet with Brooks long after he was convicted and sentenced.

Moreover, Brooks fails to show how he was prejudiced by the actions of his former counsel. Whether or not his former counsel met with him in 2009 to talk to him about how he still had to serve the remaining portion of his federal sentence could have no bearing on his actual sentence. Brooks's federal sentence was what it was. Discussing his sentence with his former counsel more than ten years after it was imposed was not going to change the fact that a portion of his federal sentence remained to be served even after he completed his state sentence. Brooks fails to present a meritorious claim of ineffective assistance of counsel.

If it is Brooks's contention that his former counsel failed to explain his sentence *before* he entered his guilty plea (in 1998), such a claim is obviously asserted far too late. Brooks would have had to assert a claim of ineffective assistance based on this theory within one year of his conviction's becoming final on April 11, 2000. Obviously, he did not. For this reason, the court finds that Brooks's claim of ineffective assistance of counsel is also time-barred under § 2255(f).

### C.  *Incorrect Calculation of Federal Sentence*

Brooks also claims that the Federal Bureau of Prisons ("BOP") incorrectly calculated his federal sentence by denying him credit against his federal sentence for "good time" he served in state prison. Doc. No. 3 at 4-8; Doc. No. 4 at 4-6. Brooks, however, presents no

evidence and points to no other facts or law suggesting that the BOP incorrectly calculated his federal sentence or indicating how he is entitled to have state good time (which was applied against his state sentence) applied against his federal sentence. More importantly, a petition for a writ of habeas corpus under 28 U.S.C. § 2241 – and not a § 2255 motion – is the correct mechanism for a federal inmate to challenge the BOP's calculation of his sentence. *See, e.g., Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000); *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2nd Cir. 2001). "Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991). Accordingly, Brooks's claim challenging the BOP's calculation of his sentence should be brought in a § 2241 petition for habeas corpus relief filed in the United States District Court for the Middle District of Florida, where FCC Coleman is located, and must name the warden of that correctional facility as the party respondent. The claim is not properly before this court in Brooks's § 2255 motion.

For the reasons set out above, the court finds that Brooks has presented no basis for collateral relief and that his § 2255 motion should be denied.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Brooks be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **November 6, 2012.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 22nd day of October, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE.